UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SOLOMON W. CHISHOLM | CIVIL ACTION |
| VERSUS | NO. 12-43 |
| CLAUDIA BRUCE | SECTION "N" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, Solomon W. Chisholm, is a prisoner currently incarcerated in the Orleans Parish Prison system ("OPP"). He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against New Orleans Police Officer Claudia Bruce alleging that she provided false testimony at plaintiff's probable cause hearing. Record Doc. No. 1 (Complaint).

Specifically, plaintiff's complaint states the following:

> On Monday, May 16 I was arrested for (2) ill[egal] possession[s] [of] stolen things; at the end of November . . . I went to court for motion to find prob[a]ble cause. . . . Officer Claudia Bruce . . . of the Sixth District Magazine enhancement Patrol Unit, testified under oath (the only person to testify against me) . . . that she deta[i]ned me (Solomon Chisholm and my codefindent (sic) Marlon Kennedy) and put both of us in handcuffs.
> She stated under oath that there was no stat[e]ment made by ne[i]ther of the defe[n]dants (Solomon Chisholm or Marlon, Kennedy) which . . . my codefendant Marlon Kennedy tried to get thro[w]n out in the motion to find prob[a]ble cause; which was "that I had no knowl[d]ged (sic) of any thing, and that he was giving me a raide (sic) to worke (sic).
> Under oath, Officer Claudia Bruce . . . stated that she while stand[ing] outsaid (sic) of police car that I was place[d] in the back of the

unit that the officer read me my Miranda rights and then he drove me to the Si[x]th District.

Id., Complaint at ¶ IV, pp. 3-4.

In the relief portion of his complaint, Chisholm states that he has lost his apartment, wages, clothes, t.v., a relationship "with the girle (sic) that I was to spin (sic) the rest of my life with" and contact with his children and people associated with his "religion of voodoo . . , a[n] African base[d] religion." Chisholm requests that the court grant him "fina[ncial] relief and post [traumatic] stress relief" in the amount of $300,000. Id. (Complaint at ¶ V).

## ANALYSIS

I.    STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).  An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 complaint must be dismissed either under 28 U.S.C. § 1915(e) as legally frivolous because it is barred under applicable United States Supreme Court law. In addition, the habeas corpus aspects of plaintiff's claim should be dismissed without prejudice.

II.  HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

Read broadly, Chisholm's complaint seeks declaratory, injunctive and monetary relief arising from alleged constitutional deficiencies in his state court criminal proceedings. All such claims must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

4

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479 (Convicted prisoner's Section 1983 action for damages barred because it challenged the conduct of state officials who allegedly "'had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at petitioner's trial."); Ruiz v. Hofbauer, 325 F. App'x 427, 431 (6th Cir. 2009), cert. denied, 130 S. Ct. 413 (2009) (Section 1983 claims were barred when convicted inmate alleged that defendants violated his civil rights "to maliciously prosecute plaintiff by tampering with 'Brady exculpatory evidence' and using the prosecutor's office and Michigan State Police to take that evidence and withhold it from palintiff [sic] during the course of the malicious prosecution."); White v. Fox, 294 F. App'x 955, 958 (5th Cir. 2008) ("If we were to find that prison officials altered and destroyed evidence relevant to the [disciplinary] charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on

5

those charges."); Penley v. Collin County, 446 F.3d 572, 573 (5th Cir. 2006) ("To the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned.").

Chisholm's complaint indicates that he was arrested on June 16, 2011,[1] and that at the time of filing this complaint, he was in custody in OPP and his criminal case was "pending." Record Doc. No. 1, (Complaint at ¶ III. A., p. 3). Further research by staff of the undersigned magistrate judge with the Orleans Parish Criminal Sheriff's Office confirmed that Chisholm remains incarcerated in OPP awaiting trial. His confinement has not been set aside in any of the ways described in Heck. Thus, any claims for relief that he asserts, undermining his continued confinement, are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

III.   HABEAS CORPUS CLAIMS

As noted above, Chisholm's complaint in part challenges the very fact and duration of his confinement in connection with his conviction. Although his complaint is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally

---

[1] Plaintiff indicates in his complaint at ¶ III. A. at p. 3 that he was arrested on June 16, 2011. However, plaintiff states in his Statement of Claim at ¶ IV at p. 3, that he was arrested on May 16.

6

reserved for Section 1983 complaints, he clearly challenges the validity of his present confinement and seeks his release. This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Clarke v. Stalder</u>, 121 F.3d 222, 226 (5th Cir.), <u>reh'g en banc granted & opin. vacated</u>, 133 F.3d 940 (5th Cir. 1997), <u>rev'd in part on other grounds & opin. reinstated in relevant part</u>, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); <u>Caldwell v. Line</u>, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Chisholm filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his conviction and confinement. <u>Clarke</u>, 121 F.3d at 226; <u>Hernandez v. Spencer</u>, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 519-20 (1982)); <u>Nobles v. Johnson</u>, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." <u>Whitehead</u>, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); <u>Rose</u>, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Chisholm does not allege and there is no proof that he has exhausted his state court remedies in connection with his present incarceration. On the contrary, on the first page of his complaint, Chisholm indicates that he has not "begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to [his] imprisonment." Record Doc. No. 1, Complaint at p. 1, ¶ I.A. Furthermore, research by staff of the undersigned magistrate judge with the Orleans Parish Criminal Sheriff's Office and the Louisiana Supreme Court clerk's office indicates that Chisholm has not sought review of the validity of his pre-trial detention in the Louisiana Supreme Court and that he remains incarcerated in OPP awaiting trial. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to allow him to pursue state court appellate and post-conviction remedies

concerning his criminal conviction, before returning to this court with a properly filed habeas corpus petition.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous under 28 U.S.C. § 1915(e)(2) or under Heck.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in plaintiff's 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to Chisholm's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this \_\_\_31st\_\_\_ day of January, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.